OTHO V. POOL v. J. B. TREXLER and wife.

*Draining Wet Lands — Constitutionality of Act.*

The Act concerning "Draining wet lands" (Battle's Revisal, ch. 39) is constitutional.

(BYNUM, J. *Dissenting.*)

(*Brown* v. *Keener*, 74 N. C. 714, cited and approved )

This was a PROCEEDING under the Act concerning "Draining Wet Lands" (Bat. Rev. ch. 39.) heard at Fall Term, 1876, of ROWAN Superior Court, before *Cloud, J.*

The action was instituted before the County Commissioners and brought by appeal to the Superior Court.

The defendant insisted that said Act authorizing the assessment, &c. was unconstitutional, in that ; private property was taken for private uses without compensation to the owner thereof.

His Honor sustained the position taken by defendant and gave judgment accordingly.   Appeal by plaintiff.

*Mr. J. E. Kerr*, for plaintiff.

, *Mr. J. M. McCorkle*, for defendant.

PEARSON, C. J.   Every citizen holds his land subservient to such "police regulations" as the General Assembly may in its wisdom enact in order to promote the general welfare. *Brown* v. *Keener*, 74 N. C. 714.

I take this proposition to be settled and will not attempt to make "a rehash" of the cases set out by Cooley, ch. 16, "Constitutional Limitations."

If the General Assembly has power to make regulations for draining a swamp containing 10,000 acres it has the same

power in regard to a swamp containing 1,000 acres. So of 100 acres, so of 1 acre.

There is no distinction in the principle; the only difference is in regard to the degree.

We declare our opinion to be that the police power of the General Assembly authorized it to pass the Act under which this action is brought, to-wit; the Act entitled "Draining wet lands." Bat. Rev. ch. 39.

It is said the General Assembly has no power to take one acre of the land of A and give it to B, on the ground that B is the better farmer of the two and will make the one acre produce more. That proposition is granted except when "the power of eminent domain" is exerted for public purposes; as when land is taken for a railroad. These two powers "eminent domain" and "police regulations" are distinct and yet they are frequently confounded. By the one, the property of A is given to B. By the other, the property of A is left in him, but is made subservient to the general welfare. "Cart ways," Bat. Rev. ch. 104, § 38, furnishes an analogy. Under the power to make "police regulations" the land of A is made subservient to the land of B for the purposes of a road. After some contestation the question of the power of the General Assembly was yielded. So in our case the power of the General Assembly to make the land of A subservient to the land of B for the purpose of drainage must also be yielded upon the authorities and upon the reason of the thing.

Error.

PER CURIAM.            Judgment reversed, and *procedendo.*