### J. G. WARLICK v. SARAH LOWMAN.

*Cart-ways—Apt Time—The Code,* § 2056.

1. Section 2056 of *The Code* is in derogation of the rights of land-owners, and must be strictly construed.

2. A petition for a cart-way was filed before the Board of Supervisors, the prayer of the petition was granted, and respondent appealed to the Commissioners and thence to the Superior Court. After the jury was impaneled to try the issues raised between the petitioner and respondent, a motion was made for the first time to dismiss the petition for the want of proper allegations: *Held*, that the motion was not made in apt time, and it was error to grant it.

3. A cart-way will not be granted, under *The Code,* § 2056, as a mere matter of convenience, but only when it is necessary, reasonable and just that the petitioner should have it.

4. The form of the petition, and proper methods of procedure, under *The Code,* § 2056, pointed out.

PETITION for a cart-way, tried, on appeal, before *Armfield, J.,* at Spring Term, 1889, of BURKE Superior Court.

The plaintiff filed before the proper "Board of Supervisors of Public Roads" his petition for a *cart-way,* whereof the following is a copy:

"*To the Board of Supervisors of Public Roads, &c.:*

"The undersigned respectfully petitions to said Board for the granting of a public cart way, leading from his dwelling and lands, and through the lands of Sarah Lowman, into the public highway leading from the Newton road to Rutherford College, for the reasons herein set forth: that your petitioner desires said cart-way as a way to the nearest public mill where he can get grain ground, and, also, said way is his only way to his nearest church and public worship, Sunday-school and burying-ground, said way or route being the only practical way that the petitioner can travel to either of the

above-named places by wagon, buggy or cart; and, further-more, said petitioner desires said cart-way to haul logs over to his nearest saw-mill where he can get sawing done; and, further, petitioner carries on and is engaged in the business of blacksmithing, and the above-named cart-way is greatly desired as a way for the public to pass and repass to his shops. Petitioner respectfully asks that you carefully con-sider the complaint set forth in this petition, and then grant the relief hereby demanded."

This petition was heard, and the prayer thereof allowed by the Board, and the respondent, having made objections, appealed to the Board of Commissioners of the county, and they also allowed the prayer of the petition, from which the respondent appealed to the Superior Court. In that Court a jury was impaneled to try the issues of fact raised by the respondent's objections to the petition. Pending the trial, and before evidence was produced, upon objection made by the respondent's counsel, the Court held:

"1. That the petition was insufficient to entitle the plain-tiff to the relief he seeks.

"2. That the facts alleged in said petition are not suf-ficient to give the Court jurisdiction to grant any relief, and that, as the Supervisors had no jurisdiction, this Court could have none on appeal"; and at once directed a juror to be withdrawn, and a new trial, and thereupon dismissed the petition.

The plaintiff, having excepted, appealed to this Court.

*Messrs. S. J. Erwin* and *J. S. Perkins*, for the plaintiff.
*Mr. J. T. Avery*, for the defendant.

MERRIMON, J. (after stating the facts). The statute (*The Code*, § 2056) provides that, "if any person be settled upon or cultivating any land, to which there is leading no public

road, and it shall appear necessary, reasonable and just that such person should have a private way to a public road over the lands of other persons, he may file his petition before the Board of Supervisors of the township, praying for a cart-way to be kept open across such other persons' lands, leading to some public road, ferry, bridge or public landing,   *   *   *   and if sufficient reason be shown, shall order the Constable to summon a jury," &c.

This statutory provision is in derogation of the free and unrestricted use and enjoyment of the land by the owner thereof, over which the cart-way is established, and must be construed strictly.   The petitioner is not entitled to have it simply as a convenience, or because it enables him to reach a public road, ferry, bridge or public landing from the land upon which he may reside, or which he may be cultivating, by a shorter or more convenient route, but because there is no public road serving such purpose, and because, also, it is necessary, reasonable and just that he should have the cart-way.   Hence, if he have one or more private ways, or, by a parol license, an unobstructed way across the land of some person other than that of the respondent, he is not entitled to have it.  In such case it would not be " necessary, reasonable and just" that he should have it.   If he should, in any way, be deprived of such private ways, he might become entitled to the cart-way, because it might thus become necessary as contemplated by the statute.   It is the absence of a public road in the case provided for, and because it is " necessary, reasonable and just," that the petitioner may have a cart-way across the land of another. *Lea* v. *Johnston,* 9 Ired., 15; *Caroon* v. *Doxey,* 3 Jones, 23; *Burgwyn* v. *Lockhart,* 1 Winst., 269; *State* v. *Purify,* 86 N. C., 681.

The application for a cart-way must be made by petition in writing, and it should state intelligently the grounds of application—the facts, sufficient in their substance, to entitle the petitioner to have his prayer granted.   Otherwise, the

respondent may move to dismiss or quash it, or the Court may, *ex mero motu,* direct it to be done.

And so, also, the respondent's objections to the petition should be in writing, to the end the same may be filed in the proper office, and so, also, that the Court may see what issues of fact and law are raised, and try the same, and dispose of the petition upon its merits

It would be much better to have such pleadings formal and precise—thus they would be more intelligible and satisfactory—but this is not essential; it will be sufficient, if the petition and the objections thereto state the substance of the material facts, however informally this may be done, and even informalities should be helped by proper amendments, and the proceedings should be upheld when they embody the substance of the matter. They are summary in their nature, and are begun and prosecuted before a class of officers very useful and important, who are, generally, laymen, and not familiar with legal precision and forms. Such proceedings are to be helped at all times, when this can be done by amendment. This is especially so, when they have been allowed to be conducted without prompt objection made in apt time.

The petition in this case is not precise or formal in the allegation of the material facts, but it seems to us that it states facts sufficient in their substance and necessary to entitle the petitioner to have his prayer granted, if they be accepted as true, as they must be for the present purpose.

First, it was necessary to allege that the petitioner was "settled upon or cultivating" land. The petition asks for a "cart-way leading from his dwelling and lands, and through the lands of Sarah Lowman, into the public highway" mentioned. By the words "his dwelling and lands" is fairly meant his home—the place where he lives—where he is "settled," and this meaning is made the more manifest by other facts stated in the petition. Secondly, the petition

should have stated that there was no public road leading to the dwelling of the petitioner—the place where he was "settled." This is sufficiently alleged, in the absence of objection made in apt time, in that it is informally stated that the cart-way prayed for "is his *only way* to his nearest church and public worship, Sunday-school and burying-ground, said way or route being the only practical way that the petitioner can travel to either of the above-named places by wagon, buggy or cart." And the implication intended is, that the petitioner has no other way than the cart-way asked for to reach a public road leading to the public places mentioned, and no other way leading from a public road to his residence and his blacksmith shop.

It seems that the parties so understood, accepted and acted upon the meaning of the petition until after the jury was impaneled to try the issues of fact raised in the Superior Court. The petition states facts which, if true, sufficiently allege that the cart-way was necessary, reasonable and just. If the petitioner had no way to a public road from his residence—the land where he lived—surely he ought to have a cart-way. It may be that these allegations were not true; but the Court deprived the petitioner of the opportunity to prove them, by directing a new trial and dismissing the petition. They were informal, not perfect, but the purpose and the ground of it could be seen and understood by the parties and the Court, and it was too late, after the jury was impaneled, to try the issues of fact raised to sustain a motion, then made for the first time, to dismiss the petition upon the ground that it did not sufficiently state the facts to entitle the petitioner to have the cart-way prayed for. *Johnson* v. *Finch*, 93 N. C., 205; *Halstead* v. *Mullen*, *ibid*, 252; *Warner* v. *Railroad Co.*, 94 N. C., 250.

There is error. The Court should have disposed of the case upon its merits. There must, therefore, be a new trial, and we so adjudge.

Error.                                    *Venire de novo.*