R. M. MAYO v. J. L. THIGPEN.

*Cart-ways—Impassable Lands—Instructions—Jury—Judge's Charge—Public Road.*

1. Upon petition to grant a cart-way, the jury found it was "necessary, reasonable and just." The plaintiff owned two tracts connected by a narrow strip, but otherwise entirely separated by the lands of defendant. The narrow strip was wholly unfit for a cart-way, by reason of ditches and inundations. The defendant asked the Court to charge, that if the plaintiff can pass from all parts of his own land to the public road without going over defendant's land, the issue will be found for defendant. The Court instructed the jury, that if plaintiff could have a practicable cart-way on his own land (to the public road) they should find for the defendant: *Held*, there was no error in this instruction.

2. Where one's lands are connected with the public road, but by an impassable tract, he is entitled to a cart-way over the lands of another.

3. The instructions given by the Court were substantially such as were asked.

(MERRIMON, C. J., dissenting.)

This was a CIVIL ACTION, tried at Spring Term, 1890, of EDGECOMBE Superior Court, before *Womack, J.*

The facts are sufficiently set out in the opinion of the Court.

No counsel for plaintiff.
*Mr. John L. Bridgers,* for defendant.

CLARK, J.: This is a petition for a cart-way. The Township Supervisors, after "hearing the testimony, viewed the premises and maturely considered the whole matter," all parties being present, adjudged that it was "necessary, reasonable and just" that the petitioner should have the cartway prayed for, and appointed freeholders to lay off the same and assess damages. From this order the defendant appealed to the Board of County Commissioners, who, "after hearing testimony *pro* and *con,* and argument of counsel," sustained, in all respects, the judgment of the Township Board of Supervisors. From this judgment the defendants appealed to the Superior Court. The cause coming on for trial in that Court, the following issue was submitted to the jury: "Is the cart-way proposed by the plaintiff necessary, reasonable and just?" To which the jury responded in the affirmative, and the Court having rendered judgment in favor of plaintiff, the defendant appealed to this Court.

It was in evidence that plaintiff owned two tracts of land—one lying on the public road; the other distant from the public road—1,000 yards; that between the plaintiff's two tracts of land was a tract of defendant's land, entirely wood-

land, 200 yards wide and 900 yards long, which cut off plaintiff's last-mentioned tract (which is in cultivation and on which is a tenant house) entirely from any access to the public road, except that it is connected by a narrow strip of land belonging to plaintiff, with plaintiff's other tract on the public road. This strip, however, was "wholly unfit for a cart-way, by reason of the great number and size of ditches to be crossed and its being continually subject to inundation and overflow."

The defendant asked the Court to instruct the jury: "The plaintiff's land, both tracts adjoining and one lying on the public road, if you believe that plaintiff can pass from all parts of his land to the public road without going on defendant's land, you will find the issue in favor of defendant." The Court did not give the instruction as asked, but charged, instead thereof, that if plaintiff could have a practicable cart-way over the strip of his own land, above referred to, then it was not necessary to have it laid off over defendant's land, and the jury should answer the issue No. To the failure to give the instruction in the words asked the defendant excepted, and this is the only error assigned for review.

The instruction given differs from that asked only in the addition by the Court of the word "practicable." In this we think there is no error. Webster defines "practicable" as "admitting of use, passable," and gives as an illustration a "practicable road, i. e., a passable road," and Stormonth gives a similar definition and the same illustration. The petitioner is entitled to a passable cart-way, admitting of use, to the public road. As the Court told the jury, if he could get this by laying it off over the narrow strip connecting this land with his other tract, which lay on the public road, then he could not have it over defendant's land. The jury found that such was not the case. The defendant's

107—5

---

MAYO *v.* THIGPEN.

---

proposition "sticks in the bark." A man may have a tract of land, distant from the public road, connected by an impass-able swamp or other barrier with another tract of his land, which last is accessible to the public road, and defendant's proposition would make the first tract inaccessible and incapable of use. And in this case, by reason of the strip being "continually subject to overflow and inundation," the jury have found that a cart way over it would be imprac-ticable, as did two other tribunals previously, one of them consisting of neighbors who viewed the premises personally, and who, it is to be presumed, had knowledge of the fre-quency and extent of the inundations to which the strip of land was "continually subject" To confine plaintiff to an impracticable cart-way, continually subject to interruption, would make his land valueless, for no tenant would occupy a house in which he might be cut off at any time, and pos-sibly for days at a time, from procuring the services of a physician, obtaining food for his family, and all other inter-course with the outside world which might be necessary.

We do not think the defendant has a right to refuse the plaintiff a passable outlet, the more especially as he can suffer no loss himself thereby, as impartial free-holders will be appointed to assess any damages he may sustain. *The Code,* § 2056.

MERRIMON, C. J.—dissenting: The petitioner has two tracts of land, each adjoining the other, and for the purposes of a way from a point or particular place on either of these tracts to points or places on the other, or to a public road situate across either of them, they must be treated as one, because the petitioner may make his ways from one point on his own land to another on the same as he may please to do. A public road is situate on and across his land near the center thereof. If he can reach this road from any point on either of his tracts referred to by a way situate altogether

on his own land he must do so, although it might be more convenient for him to reach it by a way across the land of the respondent.   This is so, because to allow him to have a cart-way across the respondent's land would be in derogation of the latter's rights of property.   It is settled that he will not be allowed to have such cart-way, unless because of real necessity.   *Warlick* v. *Lowman*, 103 N. C., 122, and cases there cited.

The respondent contended on the trial that the petitioner might have a sufficient way wholly situate on his own land from his tract alleged to be inaccessible from the public road, and there was evidence tending to prove that he might.   The respondent requested the Court to instruct the jury, in substance, that the plaintiff's two adjoining tracts of land, for the purpose of this proceeding, must be treated as one, and if the public road could be reached from the tract alleged to be inaccessible by a way wholly situate on his own land, then they should render a verdict upon the issue adverse to the petitioner.   A material part of this instruction was that the two tracts should be treated as one, and the Court should have so told the jury, particularly as it was requested to do so.

It is true that the Court told the jury " that if it is practicable for the petitioner to have the outlet desired over his own land, then he is not entitled to have a cart-way laid out over the lands of another," but it did not explain to them, in that connection, or at all, that the two tracts adjoined each other and were to be treated as one; that if the petitioner could go from the " Munroe Cobb" place across part of his other tract to the public road, then he could not have the cart-way, etc.   As the Court was requested to direct the attention of the jury to the fact that the two tracts adjoined each other, the public road passing across one of them, and it failed, and refused to do so, the jury may have concluded that the petitioner could not get from the " Mun-

roe Cobb " place to the public road by passing over part of the petitioner's other tract referred to. It is possible the jury took a proper view of the merits of the issue; they may have done otherwise, and this because the Court failed to give so much of the special instruction asked for as it failed to give. The refusal to give the instruction was the more serious, as the Court failed to explain to the jury what is meant by a "practicable route," and by the terms "necessary, reasonable and just." They were left to determine and apply the meaning of these important terms in view of what the Court had refused to tell them.

*Per Curiam.*                                          No error.