## PORTER v. ARMSTRONG.

(Filed October 3, 1905).

*Drainage Laws—Constitutional Law—Report of Commissioners—Findings by Court.*

1. The contention that our drainage laws (chapter 30 of The Code, and amendments thereto,) are unconstitutional, in that the land is to be taken for a mere private purpose, is without merit.

2. Where the judge set aside the report of commissioners because the report did not comply with the statute, and further found as a fact in his order that two of the commissioners had been guilty of gross indiscretion, this court would not reverse his order, whether the report conformed to the statute or not.

3. The Code, chapter 30, and the amendments thereto, are the charts which should guide the commissioners, and that portion of the judge's order, wherein he undertakes to instruct the new commissioners as to their duties, should be set aside.

ACTION by Elisha Porter against T. J. Armstrong and others, heard before *Judge O. H. Allen,* at the February Term, 1905, of the Superior Court of PENDER County.

This is an appeal by the plaintiff from an order setting aside the report of commissioners appointed pursuant to the act for draining and daming lowlands, chapter 30 of The Code and amendments thereto.

*Stevens, Beasley & Weeks* and *Shepherd & Shepherd* for the plaintiff.

*E. K. Bryan* and *J. T. Bland* for the defendants.

BROWN, J. It is contended by the defendants that these proceedings should be quashed, as the acts under which they are instituted are violative of the Federal Constitution, as well as our own, inasmuch as the land of the defendants is to be taken for a mere private purpose. The constitutionality

of our drainage laws has been settled as far as repeated decisions of this court can settle it. *Norfleet v. Cromwell,* 70 N. C., 638; *Brown v. Keener,* 74 N. C., 714; *Pool v. Trexler,* 76 N. C., 297.

The judge below set aside the report "being of the opinion that the report of the commissioners, filed herein, does not comply with the statute in such case made and provided."

His Honor further finds as a fact in his order that two of the commissioners "have been guilty of gross indiscretion while hearing this cause," and ordered that they be relieved from any further duties. This latter finding is sufficient to justify setting aside the order in His Honor's discretion. Although such is not the reason given for setting aside the report, yet in the face of such a finding by a judge of the Superior Court, we would not feel justified in reversing his order, whether the report conformed to the statute or not. It is best in the interests of justice that the clerk proceed to carry the order into effect by appointing other commissioners.

That portion of His Honor's order, wherein he undertakes to instruct the new commissioners as to their duties, should be set aside. Those instructions may or may not be correct. If incorrect, and they should be followed by the commissioners to be appointed, their report would have to be set aside.

The Code, chapter 30, and the amendments thereto are the charts which should guide the commissioners, and their decisions, findings and report should conform thereto. Upon the coming in of their report, its correctness may be reviewed.

Let the cause be remanded to the Superior Court of Pender County to be proceeded with in accordance with this opinion. Let the costs of appeal be taxed equally against the plaintiff and the defendants.

Modified and affirmed.

WALKER, J., concurs in result.