## McG. FORD v. JAMES M. MANNING.

(Filed 9 March, 1910.)

1. Townships—Board of Supervisors—Cartways—Proceedings Upon Petition—Lands of Another.

   A cartway may be awarded over the lands of another in favor of an individual citizen, when the necessity for it exists, in a manner that is reasonable and just, by proper proceedings upon petition to the township board of supervisors.

2. Same—Meetings.

   In proceedings upon petition before the township board of supervisors to lay out a road over the lands of another in favor of an individual citizen, the board may determine the matter upon a call meeting after giving notice to the parties; and the meeting of the board designated by Revisal, sec. 2712, to be on the 1st Saturday in February and August "for the purpose of consulting on the subject of the condition of the roads in their townships," etc., does not confine the board to action in matters pertaining to cartways and like questions to those meetings alone. Revisal, .sec. 2715.

3. Townships—Roads—Board of Supervisors—Justices of the Peace—Majority.

   Revisal, sec. 2681, constituting the justices of the peace in each township "its board of supervisors," refers to those who are qualified and acting; and in proceedings upon petition to lay off a cartway over the lands of another, etc., where the township is entitled to four justices of the peace and only two have qualified or are acting, the award of those two is valid.

Appeal from *Guion, J.,* December Term, 1909, of Pitt.

Proceedings to obtain and lay off a cartway, heard on appeal from judgment and order of board of commissioners.

The proceedings were instituted before the board of supervisors of the township, on notice duly given and served, and on petition setting forth a statement in part as follows:

"The petition of the undersigned, McG. Ford, of Bethel Township, Pitt County, respectfully showeth to your honorable board that a cartway is necessary from the old homestead of, formerly known as the Betsy Ford place, now owned by him, said McG. Ford, through the lands of James M. Manning to the Bethel and Flat Swamp county road in Pitt County; that your petitioner is now the owner of the tract of land formerly owned by Betsy Ford, deceased; that said tract of land is a part of the Batson Whitehurst tract of land, being the share No. 5 in said division and being the farthest share from any public road; that about thirty years ago there was agreed upon a cartway through said lands mentioned above in said petition, and said cartway remained open for the use of the public, also for said petitioner, until about 1902, when for some cause unknown to said petitioner the parties in possession of said lands now owned by J. M. Manning obstructed said cartway so as to render it impassable. That the said cartway would be of great usefulness and convenience to your petitioner and to the public, for the following reasons:

"1. That your said petitioner, owning the share No. 5 of Batson Whitehurst division, places his residence about one-half mile from any public road.

"2. Your petitioner is deprived by the obstructing of said cartway of any outlet whatever.

"3. It makes it convenient and a near route for the public living in the immediate section.

"4. Persons over whose lands said cartway may pass have had ten days' notice of the intention of the undersigned to file this petition."

The cartway was laid out by order of the board, as prayed for, and defendant appealed to the board of county commissioners. Defendant appeared before the board of commissioners and moved to dismiss the case for various specified objections to the petition. The board, having approved and confirmed the proceedings, defendant appealed to the Superior Court. The cause having been called for trial, before the jury was impaneled, defendant again moved to dismiss, assigning for cause:

"1. For the reason that it appears upon the face of the order that the supervisors met at another time than that provided for in the statute, that is, other than at the annual meeting provided by the statute. The order bearing date 26 August.

"2. For that it does not appear that a majority of the supervisors were present nor their reasons set out.

"3. That a paper-writing found in the papers is not signed.

"4. That the petition is not sufficient in that it appears to be for a public cartway, and for that it does not appear that petitioner was settled upon the land."

And in this connection, as it appears from the case on appeal, it was admitted: "That this township was entitled to four justices of the peace, and at the time of the order there were but two acting justices in the township, one having resigned and one failing to qualify after his election."

The motion to dismiss overruled, and defendant excepts.

The case was then submitted to the jury, who rendered the following verdict:

"1. Is the cartway proposed by the plaintiff necessary, reasonable and just?  Answer: Yes.

"2. If so, what damages is defendant entitled to recover of plaintiff by reason of the said cartway?  Answer: $20.

There was judgment on the verdict directing that the cartway be laid off in accordance with law, and defendant excepted and appealed, assigning for error the order overruling his motion to dismiss, as hereinbefore set out.

*Skinner & Whedbee* for plaintiff.
*Jarvis & Blow* for defendant.

HOKE, J.  The right to award a cartway over the lands of another, in favor of an individual citizen, referred by most of the cases to the police power, when the necessity for it exists and in a manner that is reasonable and just, has been too long established with us to require or permit discussion.  *May v. Thigpen,* 107 N. C., 63; *Warlick v. Lowman,* 103 N. C., 122; *Pool v. Trexler,* 76 N. C., 297; *Norfleet v. Cromwell,* 70 N. C., 634.

And while many of the decisions are to the effect that these statutes, being in derogation of common right, should be strictly construed, and the petitioner required to bring himself clearly within the meaning of their terms, there is doubt if some of the cases have not gone too far in applying this principle of construction, and if it is not a more wholesome rule to construe the statute in a way to promote its principal and beneficent purpose.  In any event, on perusal of the petition filed in the present case, it appears by fair intendment that the petitioner is both settled upon and cultivating the land, and so comes within the express terms of the law.

Though not directly apposite to any question presented here, we think it well to note that the law on cartways, as it appeared in The Code of 1883, sec. 2056, and on which many of our deci-

sions were rendered, has been amended by subsequent statutes so as to give the owner of standing timber the right to a cartway under specified conditions, these amendments having been brought forward in Revisal of 1905, sec. 2686.

Nor do we think any valid objection can be made to the order because not made at one of the public meetings provided for in the statute, sec. 2712. This section directs that the board of supervisors, at some place in their township, to be agreed upon by themselves or on the appointment of their chairman, shall meet on the first Saturday in February and August, "*for* the *purpose* of *consulting on the subject* of the *condition* of the *roads* in their townships; and once a year, during their August meeting, they shall go over and examine all the roads in their township," etc. These are public meetings required by the law chiefly for purposes of looking after the public roads, appointing overseers, assigning hands, etc., and these public meetings shall not be omitted; but this requirement in nowise forbids that the board shall meet at other times, and for other purposes, when the well ordering of the township affairs committed to their keeping shall require it. Even in matters pertaining to public roads, the statute clearly contemplates that in certain specified matters the board may act otherwise than at these two public meetings. Thus, in section 2715, with regard to the appointment of overseers, assignment of hands, etc., the statute provides: "The board may at any time alter the sections or allotment, but shall give notice," etc. And in the performance of other duties imposed upon them, and not contemplated by the section, providing for these public meetings, there is nothing in the letter or spirit of the law which prevents their having call meetings on giving notice to parties interested.

There is nothing in this connection which in any way conflicts with a decision of this Court made at the present term in *Wolfenden v. Commissioners, ante,* 83. In that case the statute both fixed the time and designated the work to be done, and it was held to be mandatory. This question, however, has ceased to be of importance, as the Legislature, to remove all doubts upon the subject, has now provided in express terms, "that special meetings of the board may be called." Laws 1909, ch. 364, sec. 2.

On the third question we are of opinion, and so hold, that section 2681, in constituting the justices of the peace of each township "its board of supervisors," the statute refers to those who are qualified and acting justices of the township; and that the powers of such board are not withdrawn or annulled because

a given township may, under the general law, be entitled to a larger number of justices, and has not seen proper to avail itself of the privilege.

We make no question of the general principle insisted upon by defendant, that where a deliberative or ministerial body consists of a definite number, in the absence of other specifications, a majority of such number is required for a quorum. This has been held in reference to our Legislature, fixed by the Constitution at a definite number. But we think, as stated, that in establishing the board of supervisors, and providing, as the law does, that the justices of the peace of each township shall constitute its board, the statute refers, as stated, to justices who were qualified and acting; and therefore, the two justices who made the order in the present case were the board of supervisors for Bethel Township, qualified and competent to perform the duties of such board.

This is not only the primary meaning of the language of the statute, and in accord with public convenience, but, if further assurance were required, we are confirmed in this interpretation by the consideration that in this, as in most other matters of importance coming within the scope of their duties, on appeal taken, the question is to be heard and determined *de novo*.

We think the case has been correctly disposed of by the learned judge who heard the case below, and his rulings and judgment are affirmed.

No error.