E. B. WHITE v. W. H. LANE et al.

(Filed 14 September, 1910.)

1. **Drainage Commission—Bond Issues—Validity—Interest of Clerk.**
    An issue of bonds by a drainage commission formed under chapter 442, Laws 1909, is not void by reason that the clerk of the court who appointed the commissioners owned an interest in a tract of land within the drainage district, as such an interest is too minute, and not directly the subject-matter of the litigation.

2. **Drainage Commission — Bond Issue — Interest of Clerk — Judgment—Collateral Attack.**
    A bond issue by a drainage commission formed under chapter 442, Laws 1909, may not be restrained on the ground that the clerk appointing the commissioners owned land within the district, as such action would be a collateral attack upon the order or judgment of the clerk. It is also prohibited by sections 33 and 37 of the act.

3. **Appeal and Error—Objections and Exceptions—Brief.**
    Exceptions not noted by the brief are deemed abandoned on appeal under Supreme Court Rule 34.

APPEAL by plaintiff from *Ward, J.,* at chambers at Elizabeth City, 6 August, 1910. CHOWAN.

This is an action for the purpose of enjoining the issuance of bonds in the sum of twenty-five thousand ($25,000) dollars by the defendants as the Board of Drainage Commissioners of the "Bear Swamp Drainage District," which had been formed under authority of ch. 442, Laws 1909. The plaintiff is a landowner in the said district, and on his own behalf, and behalf of others in like manner interested, brought the suit to enjoin said bond issue, contending that the proceeding in which the said commissioners were appointed was void because the clerk of the court before whom the same was instituted was a landowner in the district, and therefore directly interested in the result of the matter he was to hear and determine. A restraining order which had been granted was vacated and the plaintiff appealed.

*Small, McLean & McMullan* for plaintiff.
*W. S. Privott* for defendant.

CLARK, C. J. The sole exception presented by appellant's brief is whether the issuance of the bonds by the drainage commissioners is invalid because the clerk of the Superior Court who appointed them had an interest in a tract of land within the drainage district.

We think his Honor correctly held that the interest which disqualifies one to act as judge must be a direct interest in the subject matter of the litigation. In this case, the judgment of the clerk in no wise affected his title or interest in the said tract, but the proceeding was simply to create a drainage district and for the assessment of the lands therein for the purpose of paying for such drainage, either in cash or by issuance of bonds.

If in such proceeding the clerk should have committed any error (and none is alleged) the remedy was by an appeal in that cause. If any exception had been taken to the report of the board of viewers as to the proper classification and assessment of the tract in which the clerk had an interest, the question might arise whether the clerk could pass upon such exception, or should certify it to the judge for decision. But as the owners of land within the district are not incompetent to sit on the board of viewers to pass upon the classification and assessment of the several tracts in the first instance, it would not seem that the clerk would be disqualified to pass on their report, seeing that the judge can review his action upon appeal. But however that may be, such question is not here presented.

Here, all the landowners in the district having been petitioners or been served with summons as defendants and final judgment rendered, the drainage commissioners issued bonds for the drainage district and it is sought to restrain such issuance of bonds by them. The drainage commissioners were elected by the new corporation, the "drainage district" (sec. 19, ch. 442, Laws 1909), and the clerk appointed them by virtue of such election.

This is a collateral attack upon the judgment of the clerk who appointed the commissioners after their election by the corporation on the ground that the clerk had an interest in one of the tracts subject to assessment. The bond issue here called in question is not authorized by any judgment of the clerk, but the bonds are issued by the board of drainage commissioners by virtue of

sec. 34 of said chapter 442, Laws 1909, and sec. 33 provides that any one who has failed to appeal from his assessment or failed to pay it is "deemed as consenting to the issuing of said drainage bonds." Sec. 37 further reiterates that all parties, like the plaintiff for instance, who have had their day in court, are deemed and held to have waived all objections if there was no exception and appeal taken in the cause, "and the remedies provided for in this act shall exclude all other remedies."

The object of the act is to encourage drainage, and to cut off all vexatious, technical and dilatory litigation where a party has had his day in court and has failed to appeal. "Not having spoken when he could have been heard the plaintiff cannot now be heard when he should be silent."

Irrespective of the express provisions of this statute, and that the bonds are voted and to be issued by the drainage commissioners, a corporation, under their corporate seal, and not by virtue of any decree of the clerk, the interest of the latter in a tract of land in the drainage district "would not be such interest (even if it had been excepted to) which would have disqualified him to appoint drainage commissioners." *In re Ryers,* 72 N. Y., 1; 28 Am. Rep., 88. Also 23 Cyc., 579, which recites sundry instances of remote or contingent interests which will not disqualify a judge.

The interest of the judge which renders a judgment void must be a direct interest in the subject matter and not a remote or minute one, or which he has in common with many others in a public matter. Otherwise no citizen of a town or county or of the State would be competent either as judge or juror in actions for or against the town, county or State or in cases involving the validity of bonds issued by them. *Eastman v. Comrs.,* 119 N. C., 505; *Johnson v. Rankin,* 70 N. C., 550. Cases in which the clerk would be disqualified to act are cited in *Land Co. v. Jennett,* 128 N. C., 4.

The plaintiff also excepted below that the statute was unconstitutional. But this is abandoned by not being in his brief here, Rule 34 of this Court, 140 N. C., 666. This, we presume, was the real ground of appeal originally, and was abandoned because the

statute has been held constitutional, in a well considered opinion by *Hoke, J.,* in *Sanderlin v. Luken,* 152 N. C., 738.

The judgment dissolving the restraining order is
Affirmed.