J. H. AND L. J. FOREHAND *v.* ALEX. TAYLOR.

(Filed 31 May, 1911.)

1. **Drainage Act—Constitutional Law.**
Revisal, sec. 3995, ch. 88, subch. 2, providing a method for the assessment and apportionment of labor, etc., of those interested and receiving actual benefit from the repairing or keeping of a dam, canal or ditch, and also for payment by parties interested or benefited therein, etc., is constitutional and valid.

2. **Drainage Act—Noncompliance—Case Dismissed—Compliance— Another Act—Judgment—Estoppel.**
When damages have been sought in an action before a justice of the peace, Revisal, sec. 3995, ch. 88, relating to drainage districts, etc., and the action was dismissed because there had been no contract or agreement between the parties and the requirements of the act had not been met, the plaintiff is not thereby barred from proceeding under the act to have the damages assessed and from bringing another action therefor, as the former judgment does not bar the second one.

3. **Drainage Act — Canal — Identification — Regarded as Under the Act—Appeal and Error—Procedure.**
In this action it is not distinctly stated, as it should be, that the canal in question had been laid out under the Drainage Act, but both parties having treated it as such, and the whole proceedings being under Revisal, 3995, concerning the apportionment of repairs of that kind, the case on appeal is considered as relating to a canal of that character.

APPEAL by defendant from *Whedbee, J.,* at the April Term, 1911, of WAYNE.

155—23

The facts are sufficiently stated in the opinion by *Mr. Chief Justice Clark.*

*Wentworth W. Peirce for plaintiff.*
*John M. Robinson for defendant.*

CLARK, C. J. This is an action which was begun before a justice of the peace, under Revisal, sec. 3995, which is in chapter 88, providing for the establishment of drainage districts, and in subchapter 2 thereof. Said section 3995 provides:

"*How amount of contribution for repair ascertained.* Whenever there shall be a dam, canal, or ditch, in the repairing or keeping-up of which two or more persons shall be interested and receive actual benefit therefrom, and the duties and proportion of labor which each one ought to do and perform therefor shall not be fixed by agreement, or by the mode already in this chapter provided for assessing and apportioning such labor, any of the parties may have the same assessed and apportioned by applying to a justice of the peace, who shall give all parties at least three days' notice, and shall summon two disinterested freeholders, who, together with the justice, shall meet on the premises and assess the damages sustained by the applicant, whereupon the justice shall enter judgment in favor of the applicant for damages or for work done on such ditch or lands. The cost of this proceeding shall be in the discretion of the justice."

In the summer of 1910 the plaintiffs did certain work repairing and cleaning out a canal which runs by certain land of the defendant, who owns on one side of the canal only, and also runs through the lands of others in the vicinity. The jury finds that the defendant, together with others, was interested in repairing the canal in question, and received actual benefit therefrom. The adjoining landowners paid their proportional part for repairing and cleaning out the canal. The defendant refused to pay the amount claimed of him, upon the ground that he had not been benefited that much. Thereupon, in September, 1910, the plaintiffs warranted the defendant before a justice of the peace for the nonpayment of $82 for his share of the cost of cleaning out and repairing the canal, alleging defendant's lia-

bility, both upon contract and on a *quantum meruit*. The magistrate dismissed the action, doubtless on the ground that there had been no agreement shown and that plaintiffs could not recover on *quantum meruit* because of plaintiffs' failure to comply with the prerequisite required by Revisal, sec. 3995, the cost not having been assessed by a justice of the peace and two freeholders. Subsequently, in November, 1910, the plaintiffs complied with the requirements of said section 3995 by applying to a justice of the peace, who, after summoning two disinterested freeholders and the defendant being present, viewed the canal and decided that the plaintiff was entitled to $82 for damages, which they assessed. The defendant appealed to the Superior Court. In that court the jury found that the defendant was interested in the repair of the canal and was indebted to the plaintiffs for $82 for his proportional part of the cost.

The defendant appealed to this Court and makes two assignments of error:

1. For the refusal of the court to nonsuit on the ground that Revisal, sec. 3995, is unconstitutional. He cites no authorities to support his position. The Drainage Act has been held constitutional in several cases. *Staton v. Staton,* 148 N. C., 490; *Adams v. Joyner,* 147 N. C., 77; *Norfleet v. Cromwell,* 70 N. C., 634; *Sanderlin v. Luken,* 152 N. C., 738; *White v. Lane,* 153 N. C., 14.

2. The second exception is that the plaintiff was estopped by the judgment in the former action. But it appears from the facts stated that at the time of the former action the plaintiff had not taken the steps required by Revisal, sec. 3995, to entitle him to recover under the Drainage Act. It was only thereafter, in November, that he applied to the justice and had two disinterested freeholders appointed, who, after giving him notice, met on the premises and, with the justice, assessed the damage. When the former action before the justice was brought, the plaintiff was therefore not entitled to recover. His action was premature, and the justice properly dismissed it. There is therefore no estoppel. *Capeheart v. Tyler,* 125 N. C., 64, and cases citing the same in the Anno. Ed.

It is not distinctly stated, as it should be, that this canal had been laid out and dug under the Drainage Act, but both briefs treat it as such, and the whole proceeding is taken under Revisal, sec. 3995, concerning the apportionment of repairs of a canal of that kind.

No error.