B. F. SHELTON v. J. A. WHITE ET ALS.

. (Filed 24 September, 1913.)

1. Drainage Districts—Procedure—Exceptions.

An appeal from the final order of the clerk in establishing a drainage district under the provisions of Laws 1911, ch. 67, sec. 3, is heard only upon the exceptions thereto filed as to issues of law or fact. ˙

2. Drainage Districts—Constitutional Law.

The authority of the Legislature to provide for the creation of levee and drainage districts is based upon the police power, the right of eminent domain, and the taxing power, which is upheld as valid, and the Laws of 1909, ch. 442, and 1911, ch. 67, · are constitutional.

3. Drainage Districts—Proceedings to Lay Off—Objections, When Taken—Benefits—Issues.

When the two freeholders and surveyor have acted upon the preliminary order of the clerk of the Superior Court in proceedings to establish a drainage district under the Laws of 1909, ch. 442, and 1911, ch. 67, and the required report is made by them to clerk, as to whether the proposed improvement is practicable and conducive to the general welfare of the district proposed, or whether the lands included will be benefited, etc., and the report filed with map and other things required, it is then the clerk's duty, if the report is favorable, to approve the same and give notice of the date to hear objection, which then may be made by any person whose land has been embraced, that his land be excluded, which may raise an issue of fact as to whether his lands have been benefited or not.

4. Same—Trials—Questions for Jury—Questions for Court.

A petition for the establishment of a drainage district under chapter 67, Laws of 1911, and 1909, ch. 442, of a majority of the resident landowners or of the owners of three-fifths of the land therein, approved by the report of the viewers and surveyor and affirmed by the clerk, permits a minority owner to raise only the issue of fact for the jury to determine as to the benefit to his lands; and should the jury find in favor of the objector, he is not entitled as a matter of right to have his land excluded, but it is for the judge to decide whether this may be done without injury to the district, and if not, he may order that such land be retained, upon payment of the damages to be awarded by the jury, as in condemnation of lands; all other matters embraced

SHELTON *v.* WHITE.

in the report are subject to approval by the clerk, and reviewed by the judge without the intervention of a jury, being questions of fact.

**5. Drainage Districts—Minority Owner—Objections—Formation of District.**

A minority landowner included in a proposed drainage district to be laid out in proceedings under ch. 442, Laws 1909, and ch. 67, Laws of 1911, may not contest the formation of the district, but can raise only the issue as to his benefits therefrom.

**6. Drainage District—Original Petitioner—Objections—Procedure.**

Upon report of the viewers and surveyor at the final hearing in proceedings to lay off a drainage district, Laws 1909, ch. 442, and 1911, ch. 67, one who signed the original petition may have ascertained from the information contained in the report, contrary to his previous opinion, that the cost of the improvements and damages will amount to more than the benefits to his land, and hence he may then file his objections, and the same procedure is then open to him as if he had not signed the petition.

**7. Drainage Districts—Objection by Majority—Findings—Remanding Cause—Dismissal of Proceedings.**

In these proceedings to lay off a drainage district it is alleged that upon the coming in of the final report of the viewers and surveyor, a majority of the resident landowners in the proposed district and the owners of three-fifths of the acreage therein objected. This has not been passed upon by the judge of the lower court, and the case is remanded to him for his finding, with direction if the allegation be true, that the proceedings be dismissed.

BROWN, J., did not sit and took no part in the decision of this case.

APPEAL by defendants from *Cline, J.,* at March Term, 1913, of EDGECOMBE.

*H. A. Gilliam and W. O. Howard for plaintiffs.*
*A. Paul Kitchin and Manning & Kitchin for defendants.*

CLARK, C. J.   This is a proceeding under the general drainage law, 1909, ch. 442, as amended by Laws 1911, ch. 67, to establish the "Deep Creek Drainage District" in Edgecombe and Halifax. The original petition asked for the creation of a district 19 miles long and 3 or 4 miles wide, on both sides of Deep Creek. The board of viewers appointed by the prelimi-

nary decree recommended a district about 10 miles long, cutting off both ends of the original proposition. The clerk ordered this modification and the establishment of the district as recommended. All the owners of the land in the district who had not signed the petition were notified as required by the statute, section 2. The clerk directed the engineer and viewers to make their survey and report, with a map, the plans, specifications, classification, and cost.

The board of viewers filed their report in accordance with this decree, the total estimated cost of the improvement being about $40,000 and the acreage 6,135 acres. On 11 May, 1912, when the final report came on for hearing (section 16, ch. 442, Laws 1909), before the clerk, 36 owners of land within the district filed exceptions and asked that the district be not established and that the proceedings be dismissed. Some of the objectors were signers of the original petition, alleging that the report showed that the cost would be practically double the original estimate and would exceed the benefit, and that the district was impracticable. They averred that the objectors owned three-fifths of the land in the proposed district. The clerk overruled all exceptions and confirmed the final report. Exceptions were duly noted and an appeal was taken to the Superior Court in term as provided by the statute.

In the Superior Court, his Honor declined to submit any phase of the controversy to the jury. He heard the evidence and confirmed the judgment of the clerk. It is provided by Laws 1911, ch. 67, sec. 3, amending sec. 17, ch. 442: "Such appeal shall be based and heard only upon the exceptions theretofore filed by the complaining party, either as to issues of law or fact, and no additional exception shall be considered by the court upon the hearing of the appeal."

The authority of the Legislature to provide for the creation of "levee and drainage districts" is based upon the police power, the right of eminent domain, and the taxing power, and has been repeatedly sustained in this Court. The act of 1909 was fully considered and its constitutionality sustained by *Hoke, J.,* in *Sanderlin v. Luken,* 152 N. C., 738, and has been

followed in *White v. Lane,* 153 N. C., 14; *Forehand v. Taylor,*
155 N. C., 355; *Mann v. Gibbs,* 156 N. C., 44; *Carter v. ·Com-
missioners* (the "Mattamuskeet Lake" case), *ib.,* 183; *Forest v.
R. R.,* 159 N. C., 547; *Commissioners v. Webb,* 160 N. C., 595;
*Caravan v. Commissioners,* 161 N. C., 100, and *In re Drainage
District,* 162 N. C., 127.   Similar legislation thereto had been
affirmed by this Court on a former statute in many cases,
among them, *Norfleet v. Cromwell,* 70 N. C., 639; *Porter v.
Armstrong,* 134 N. C., 449; *s. c.,* 139 N. C., 179; *Adams v.
Joyner,* 147 N. C., 77; *Staton v. Staton,* 148 N. C., 490.
Such legislation has been repeatedly held valid in the United
States Supreme Court, as in *Wurtz v. Hoagland,* 114 U. S., 605;
*Irrigation District v. Bradley,* 164 U. S., 163, and in many
.other cases, as well as by numerous decisions in other States,
many of which have been collected 10 A. and E. (2 Ed.), 223;
14 Cyc., 1024, 1025.

The procedure in the formation of these districts under Laws
1909, ch. 442, may be thus summarized, leaving out details:   A
petition must be presented to the clerk, signed by a "majority
of the resident landowners of the proposed drainage or levee dis-
trict, or by the owners of three-fifths of all the land which shall
be affected by or assessed for the expense of the proposed im-
provement."   Thereupon notice is issued to all the other land-
owners in said district, and the clerk appoints a surveyor and two
freeholders of the county, who shall make a survey and report
whether the proposed improvement is practicable and conducive
to the general welfare of the district, whether it will be of bene-
fit to the lands sought to be benefited and whether all the lands
benefited are included in the proposed district.   They are re-
quired to file with this report a map of the proposed district,
showing the location of the ditches, canals, or levees proposed,
together with any other information bearing on their conclu-
sion.  ·

On the coming in of this report, if it is adverse to the.forma-
tion of the district, and ·the clerk shall approve such finding,
the petition is dismissed.   If, however, they file a favorable re-
port and the clerk shall approve the same, he shall give notice

of a further date to hear objections. If on such hearing he approves the report, he orders the formation of the district. It is then open to any one whose land is included in the district who shall object that he will not be benefited, and who asks that his land shall be excluded, to appeal under section 8 upon the issue of fact whether his lands will be benefited or not. This issue can be tried by jury on appeal. It is not open to him to contest the practicability of the formation of the district which is based upon the petition of the majority of the landowners and approved by the report of the viewers and surveyor and affirmed by the clerk. As a minority landowner, he cannot contest such action. His rights extend no further than to raise the issue of fact whether his own lands will be benefited. If, on appeal, the jury find against the appellant, the judgment of the clerk is of course affirmed. But should the jury find in his favor, he is not entitled as of course to have his land excluded, because in some cases this may destroy the formation of the district which has been ordered on the petition of the majority and sustained by the report of the board of viewers and surveyor and approved by the clerk. The judge, upon the finding of the issue of fact by the jury in favor of the appellant, can either order his land excluded from the proposed district, if that can be done without injuring the district, or he can order that such land be retained within the district for the purpose of giving a right of way for the proposed improvements over his lands, upon the payment of damages awarded by the verdict under the right of eminent domain. Laws 1911, ch. 67, sec. 2.

Upon the preliminary order establishing the district, the court, under section 9 of the act of 1909, refers the report of the surveyor and viewers back to them, "to make a complete survey, plans and specifications, for the drains, levees, or other improvements," and fixes a date for their report. This report shall contain detailed information and be accompanied by a map, profile, and estimate of cost, the assessment of damages and the classification of lands according to benefits. When this final report is filed, notice shall be given by publication of a final hearing, at which date objections may be heard. The

clerk may then approve or modify the report, or if the costs of construction and damages prove to be greater than the resulting benefit that will accrue to the lands affected, he may dismiss the proceeding. If the clerk approve the proceeding, any objector who contends that the benefit to him will be less than the cost and damages may appeal under sections 16 and 17 upon that issue and have it passed upon by a jury in the Superior Court. It is not open to him to contest the formation of the district, which is backed by the majority of the landowners. As a minority landowner, he can only raise the issue of fact whether he will be benefited or not. As in case of an appeal from the preliminary order under section 8, if the jury find against the objector, the judgment is approved; but if the jury find in his favor, then the court will adjudge whether the lands of the objector can be excluded from the district without injury thereto. If this cannot be done, then the objector's lands will be retained in the district for the purpose of a right of way for the proposed improvements, and he will be allowed damages under the right of eminent domain, to be assessed by the jury at the same time that they pass upon the issue of fact.

On the appeal from the preliminary order under section 8 it would not seem that any landowner who has signed the petition should be allowed, contrary to his averments in the petition, to object and appeal. But on the report at the final hearing, it may well be that from the information afforded by such final report any one who signed the petition may find that contrary to his previous opinion the cost of the improvements and damages will amount to more than the benefits accruing, and he should then be entitled to ask that his land be omitted from the district and for an issue of fact as to whether he will be benefited.

If the finding of the jury is that the lands of any objector will not be benefited by the proceeding, they can nevertheless be so included under the right of eminent domain upon an allowance for the damages if the clerk or judge shall so order; or, as provided by Laws 1911, ch. 67, sec. 2, the judge can permit the names of the owners of such lands to be withdrawn from the proceeding; but if such lands are "so situated as necessarily

to be located within the outer boundaries of such district, such fact will not prevent the establishment of the district, and said lands shall not be assessed for any drainage tax; but this shall not prevent the district from acquiring a right of way across such lands for constructing a canal or ditches or for any other necessary purpose authorized by law."

As to all other matters involved in the reports, such as classification of the lands, the assessments, the valuation of the benefit to the respective owners, the location of the ditches and levees, and other incidental matters, these are questions of fact to be determined by the report of the surveyor and board of viewers and later on by the drainage commissioners, when appointed, subject to approval by the clerk, whose action in these respects can be reviewed on exceptions by appeal to the judge. These are questions of fact, and do not require the intervention of a jury. If they did, the delay and expense would render the system impossible.

After the final report and judgment thereon, the work of construction and administration, including the issuance of bonds, is committed to a board of drainage commissioners, who are appointed by the clerk upon election by the landowners, who in this manner control the execution and maintenance of the work. The drainage commissioners appoint a superintendent of construction.

While the finding of the jury in favor of the objectors as above stated will not entitle them to be excluded from the district unless the judge is of opinion that they are not necessary to the formation of a district, on the other hand, the fact that a majority of the resident landowners or the owners of three-fifths of the land petition for the district is not sufficient to require its formation, unless the viewers shall make the findings required by section 3 and such findings are approved by the clerk, and on appeal by the judge also.

In the present case it is alleged that on the appeal, under sections 16 and 17, from the final order a majority of the resident landowners in the proposed district and the owners of three-fifths of the acreage therein objected. This allegation is not passed on by the judge. The case must therefore be remanded to

SMITH *v.* COMMISSIONERS.

him. If the fact is as alleged, the proceeding should be dismissed, notwithstanding that some of the objectors signed the original petition, for upon the coming in of the final report they may ascertain that the facts are different both as to cost and benefit from what was understood when they signed the petition. But if the fact is not so found, then the issue of fact raised by the exceptions of the objectors under section 16 will be submitted to the jury. If that fact is found against the objectors, the judgment should be affirmed. If the fact is found for them, the judge shall then decide nevertheless whether the objectors shall be retained as necessary for the formation of the district, with damages under the right of eminent domain, or shall be excluded.

Upon the facts of this case each party will pay one-half the cost of appeal in this Court.

Remanded.

BROWN, J., did not sit and took no part in the decision of this case.