W. A. BROWN AND WIFE, ELIZABETH BROWN, v. M. E. GLASS AND WIFE, CLELLIE GLASS.

(Filed 15 December, 1948.)

**1. Highways § 15—**

> G.S. 136-68 and G.S. 136-69, relating to the establishment of cartways for ingress and egress to a highway over intervening lands, are in derogation of common law and must be strictly construed.

**2. Same—**

> Petitioners are not entitled to the establishment of a cartway over the intervening lands of another for the purpose of egress to the highway for a home they propose to construct on their adjoining land, since such use does not come within those enumerated in the statute.

DEVIN, J., dissenting.

DEFENDANTS' appeal from *Burgwyn, Special Judge,* February 16, 1948, Civil Term, GUILFORD Superior Court.

This proceeding was begun by petition for a cartway over the lands of defendants by adjoining landowners, alleging that petitioners have no outlet or means of egress to the public road except as it be granted over

defendants' land, and that defendants have refused to permit them to pass over it. G.S. 136-68, 136-69.

The case reached the Superior Court of Guilford County on appeal of defendants.

On the trial the evidence of plaintiff tended to show that they owned a small tract of 11½ acres of land on which it was their intention to build a home. The land joins the land of Brown, Jr.'s father, but there is no road over that land which plaintiffs can use except a log road, over which plaintiffs might pass in dry weather, but could not get out that way in wet weather. That way is six-tenths of a mile to a highway, and over the land of the defendants to a public road is two-tenths of a mile.

The evidence as to the road crossing the elder Brown's adjoining property tended to show that at times when the weather was dry it could be used but at other times, when the weather was wet, it was practically impassable or could be used only with difficulty.

The evidence disclosed that the defendant had once agreed that plaintiffs might have a road over his land but changed his mind and informed them if they got over it, it must be by airplane.

At the conclusion of plaintiffs' evidence the defendants demurred thereto and moved for judgment as of nonsuit. The motion was declined and defendants excepted.

*Wm. E. Comer for plaintiffs, appellees.*
*Frazier & Frazier for defendants, appellants.*

SEAWELL, J. The plaintiffs' right to a cartway over defendants' land is subject to strict observance of the conditions laid down in the statute. The statute itself is in derogation of the right of the adjoining landowner over whose land the cartway passes and must be strictly construed. *Warlick v. Lowman,* 103 N. C. 122, 9 S. E. 458. The statute enumerates the purposes for which the petitioner's land must be used in order to confer upon the owner the right of a "way of necessity" over another's land and the listing of them excludes other uses not named, the presence of one of those named becoming a condition precedent to the exercises of the right. It will be observed that all of them respect substantial traffic or transportation of products taken from the land.

One of the uses of the land justifying the condemnation of an outlet or cartway is cultivation of the soil. The appellees urge that the building of a home implies such cultivation, certainly of a garden spot, and that this presumption brings their case within the statute. The presumption, if we could indulge it, is by no means violent; and we must perforce, in view of the strictness with which the statute has heretofore been administered, and the opportunity the lawmakers have had to amend it, leave

it to the Legislature to say when they shall regard mere home owners and home builders as important as the industries in which they engage and the products they take from the land.

We have no doubt that the petitioners could truthfully say that they were planning to cultivate at least some portion of their small holdings, but we seriously question whether we can say it for them. At present the evidence does not bring the petition within the statute.

It is unnecessary to deal with other objections to the trial. The demurrer should have been sustained; the order to the contrary is

Reversed.

DEVIN, J., dissenting: I do not agree that the provisions of the cartway statute should be so strictly construed as in this case apparently to defeat its remedial purpose.

In *Ford v. Manning,* 152 N. C. 151, *Justice Hoke* said, "While many of the decisions are to the effect that these statutes, being in derogation of common right, should be strictly construed, and the petitioner required to bring himself clearly within the meaning of their terms, there is doubt if some of the cases have not gone too far in applying this principle of construction, and if it is not a more wholesome rule to construe the statute in a way to promote its principal and beneficent purpose."

And in *Gorham v. R. R.,* 158 N. C. 504 (511), *Justice Allen* adopted the above quoted language of *Justice Hoke* as expressing the proper basis for decision in the later case. Said he: "Following this view, we are of opinion that the petitioners have brought themselves within the language and spirit of the statutes by showing that there is no public road leading to their lands, and by offering evidence that the proposed cartway is necessary, reasonable, and just, and that the existence of the permissive way is not fatal to their demand."

Here the petitioner, according to his evidence, had planned to build a home on land he had purchased, and had the lumber sawed, but was unable to haul the material for building the house to his premises from the Hilltop Road, two-tenths of a mile away, except over a private way on defendant's land. The defendant had withdrawn permission to use the way for this purpose, and suggested that petitioner could either sell his land or "get an airplane." Plaintiff then instituted this action to obtain a cartway.

The question largely litigated below was whether petitioner had another and longer permissive way available, but this was resolved by the jury in favor of the petitioner. Building on a tract of land a home, with those surroundings which are usually associated with a dwelling, would seem to carry necessarily the connotation of "action preparatory" to the cultivation of land. G.S. 136-69. As was said in *Brown v. Mobley,* 192

N. C. 470 (474), "Home-owning in the country should be encouraged in every way—better homes, with convenient roads leading to them."

I think the petitioner's evidence was sufficient to survive a nonsuit, and that the verdict and judgment should be upheld.